IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARKOS PAPPAS**, | : CIVIL ACTION NO. 1:12-CV-2070 |
| Petitioner, | : (Chief Judge Conner) |
| v. | : |
| **USP ALLENWOOD WARDEN**, | : |
| Respondent. | : |

## ORDER

AND NOW, this 11th day of August, 2014, upon consideration of the motion (Doc. 24) of *pro se* petitioner Markos Pappas ("Pappas") filed July 1, 2014, seeking relief from the court's order (Doc. 17) adopting the report and recommendation (Doc. 13) of United States Magistrate Judge Thomas M. Blewitt and denying Pappas' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein Judge Blewitt concludes that Pappas failed to establish due process violations with respect to any of the three inmate disciplinary proceedings challenged in his petition, (id. at 5-18), and the court observing that the Third Circuit Court of Appeals affirmed the court's adoption of the report and recommendation on December 10, 2013, (see Doc. 22), and specifically rejected Pappas' arguments that the underlying disciplinary proceedings were premised on or otherwise tainted by an erroneous attribution to Pappas of another inmate's inculpatory statement, Pappas v. Warden, 548 F. App'x 31, 33 (3d Cir. 2013), and observed first that Pappas did not provide any evidence substantiating the alleged wrongful attribution, id., and also that, regardless of this failure of proof, the record nonetheless contained "some evidence . . . to support the determination that Pappas had

committed a disciplinary violation," id. (citing Superintendent v. Hill, 472 U.S. 445, 547 (1985)), warranting denial of Pappas' petition for writ of habeas corpus, see Hill, 472 U.S. at 547 (habeas relief only granted when a record is "so devoid of evidence that the findings of the [hearing officer] were . . . arbitrary"), and it appearing that Pappas now seeks reconsideration of the court's initial order (Doc. 17) pursuant to both Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6), see FED. R. CIV. P. 60(b)(3) (allowing relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"); FED. R. CIV. P. 60(b)(6) (same for "any other reason that justifies relief"), and that Pappas has attached to his motion a copy of a hearing officer's report which purports to attribute the inculpatory statement at issue to a fellow prison inmate and not to Pappas, (see Doc. 24, Ex. E), but the court concluding, as the Third Circuit did, that respondent's inadvertent misattribution of this statement alone is insufficient to warrant habeas relief when measured against the greater balance of the record evidence, see Pappas, 548 F. App'x at 38 ("Although Pappas denies claiming ownership of the phone, the Hearing Officer could have found the incident officer's statement to be credible.  Therefore, there is at least some evidence in support of the determination that Pappas had committed a disciplinary violation."), and the court further concluding that the record contains no evidence of fraud or misrepresentation by respondent justifying relief pursuant to Rule 60(b)(3), (see Doc. 24 at 8 (Pappas alleging that "clear and convincing" evidence supports a finding of fraud and misrepresentation but directing the court to no such evidence)), and that Pappas has failed to show any error so substantial as to compel *vacatur* of the court's prior order pursuant to Rule

60(b)(6), see Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (holding that Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances"), it is hereby ORDERED that:

1. Pappas' motion (Doc. 24) for relief from the court's order (Doc. 17) of August 13, 2013, is DENIED.

2. This matter remains CLOSED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania